IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> CHINH N. LE ) <br> 11710 Old Georgetown Rd., Apt. 609 ) <br> Rockville, Montgomery County, MD 20852 ) <br> ) <br> and ) <br> ) <br> CHINH N. LE, DDS, LLC ) <br> 18220 Contour Road ) <br> Gaithersburg, Montgomery County, MD 20877 ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. |

## COMPLAINT

The United States of America brings this action at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States to seek an injunction against Chinh N. Le ("Dr. Le") and Chinh N. Le, DDS, LLC prohibiting them from continuing to pay wages to employees without paying the associated federal employment taxes, a measure necessary and appropriate for the enforcement of the internal revenue laws.

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402(a).

2. Venue is proper in this district under 28 U.S.C. §§ 1391 because Defendants reside in Montgomery County, Maryland, transact business in Montgomery County, Maryland, maintain their principal place of business in Montgomery County, Maryland, and / or the acts and omissions alleged in this suit occurred in Montgomery County, Maryland.  Venue is also proper in this district under 28 U.S.C. § 1396 because the liability for the taxes at issue in this complaint accrued in this district.

## PARTIES

3. Plaintiff is the United States of America.

4. Defendant Dr. Le is a dentist who practices in Montgomery County, Maryland. He is the proprietor, 100 percent owner, sole member, and manager of Chinh N. Le, DDS, LLC and Tru Dental, LLC, which are different entities used to administer the same continuing dental practice in Montgomery Village, Maryland.  He resides in Montgomery County, Maryland.

5. Defendant Chinh N. Le, DDS, LLC is a forfeited Maryland limited liability company that continues to operate as a dental practice in Montgomery County, Maryland.

## FACTUAL ALLEGATIONS

### Chinh N. Le, DDS, LLC

6. On January 18, 2015, Chinh N. Le, DDS, LLC was organized through Articles of Organization as a Maryland limited liability company with the stated purpose "[t]o [p]rovide [d]ental [s]ervices."  Its address is 18220 Contour Road, Gaithersburg, MD 20877.  Chinh N. Le, DDS, LLC was forfeited by the State of Maryland October 11, 2019.

7. The dental practice continued to operate after forfeiture, under either the name Chinh N. Le, DDS, LLC or Tru Dental, LLC.

8. Since its organization, Chinh N. Le, DDS, LLC has had employees and, as an employer, has been subject to the payroll tax obligations imposed by federal law, including the duties to:

   A. Withhold its employees' federal income and Federal Insurance Contributions Act ("FICA") taxes, hold those withheld taxes in trust for the United States, and pay them over to the IRS, along with the employer's own FICA and Federal Unemployment Tax Act ("FUTA") taxes, see 26 U.S.C. §§ 3102, 3111, 3301, 3402, 6157, 7501.

   B. Make periodic deposits of the withheld federal income and employment taxes, as well as its share of employment taxes, in an appropriate federal depository bank in accordance with applicable Treasury regulations, see 26 U.S.C. § 6302; 26 C.F.R. § 31.6302-1; and

   C. File with the IRS its Employer's Quarterly Federal Tax Returns (IRS Form 941) to report the income and FICA taxes withheld from its employees' wages and its own share of FICA taxes and annual Employer's Federal Unemployment (FUTA) Tax Returns (IRS Form 940) to report its FUTA taxes, see 26 U.S.C. § 6011, 6071(a); 26 C.F.R. § 31.6071(a)-1; 26 C.F.R. § 31.6011(a)-3.

9. As the owner and manager of Chinh N. Le, DDS, LLC, Dr. Le has managed the day-to-day affairs of the dental practice. He has had significant control over its financial affairs and has assumed responsibility for all aspects of its business. He has had the responsibility to ensure that these taxes are timely paid.

10. For various tax periods from the fourth quarter of 2019 to the present, defendants have failed to comply with their federal employment and unemployment tax obligations

described above and have engaged in an activity known as "pyramiding," whereby a business repeatedly withholds taxes from its employees' wages but fails to remit those taxes to the IRS as mandated by law, resulting in an ever-increasing unpaid tax liability.

11.   As a result of this failure, Chinh N. Le, DDS, LLC owes substantial sums to the United States as set forth in the following paragraph.

12.   A delegate of the Secretary of the Treasury timely and properly made the following assessments against Chinh N. Le, DDS, LLC for unpaid federal employment taxes:

| Form/ Code § | Period Ending | Assessment Date | Original Tax Assessed | Total Amount Due[1] |
|---|---|---|---|---|
| 941 | 12/31/2019 | 10/11/2021 | $204.72 | $29,626.50* |
|  |  | 02/21/22 | $20,267.29 |  |
| 941 | 03/31/2020 | 11/29/2021 | $16,305.56 | $24,381.31* |
| 941 | 12/31/2020 | 07/12/2021 | $9,080.54 | -$3,423.04* |
| 941 | 03/31/2021 | 12/26/2022 | $14,950.54 | $12,435.15+ |
| 941 | 06/30/2021 | 01/02/2023 | $15,315.19 | $28,642.04+ |
| 941 | 09/30/2021 | 01/02/2023 | $15,679.83 | $28,892.26+ |
| 941 | 12/31/2021 | 01/02/2023 | $16,044.48 | $29,123.77+ |
| 941 | 03/31/2022 | 01/02/2023 | $16,409.13 | $29,323.28+ |
| 940 | 12/31/2021 | 01/02/2023 | $10,536.55 | $19,134.24+ |
| **Total Amount Due:** |  |  |  | **$198,136** |

13.   On or after the dates of the assessments described in paragraph 12, a delegate of the Secretary of the Treasury gave notice of the tax assessments to, and made demand for payment upon, Chinh N. Le, DDS, LLC for payment of those assessments.

14.   Despite such notice and demand, Chinh N. Le, DDS, LLC has failed, neglected, or refused to pay in full the liabilities described in paragraph 12, above.

---

[1] The outstanding balance reflects accrued interest, penalties, adjustments, payments, and credits. Statutory additions and interest continue to accrue on the assessed liabilities.

*As of June 10, 2024.

+ As of June 3, 2024.

15. After application of all abatements, payments, and credits, and the addition of assessed and accrued penalties, interest, and fees, Chinh N. Le, DDS, LLC is indebted to the United States of America for the liabilities described in paragraph 12, above, in the total amount of $198,136, along with statutory interest, penalties, and fees that have and will continue to accrue.

16. The IRS issued levies on several entities in an effort to collect these taxes, but those levies did not generate sufficient funds to materially reduce the liabilities.

17. The IRS filed Notices of Federal Tax Lien against Chinh N. Le, DDS, LLC in Montgomery County, Maryland for liabilities set forth above.

## Trust Fund Recovery Penalties

18. As a result of Chinh N. Le, DDS, LLC's failure to pay these employment taxes, the IRS investigated Dr. Le in connection with Trust Fund Recovery Penalties ("TFRP").

19. Under 26 U.S.C. § 6672, any person "required to collect, truthfully account for, and pay over any tax imposed by [Title 26] who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."  These are called "trust fund" penalties because the employer holds the employees' payroll taxes "in trust" for the benefit of the United States.

20. When employment taxes are concerned, the IRS may assess TFRPs on a business officer who is (1) responsible for ensuring the employer collects and pays over to the IRS its employees' withheld income taxes and FICA taxes (the "trust fund" taxes), and (2) willfully fails to do so.

21. Here, as the manager and owner of Chinh N. Le, DDS, LLC during the pertinent time frame, Dr. Le has been responsible for ensuring the business collected and paid over its employees' trust fund taxes. He has made the business's payments to creditors, deposits, and transferred its funds. Dr. Le has had signatory authority over the business's accounts and paid other creditors instead of making federal tax deposits.

22. Dr. Le knew about his obligation to pay these taxes, but he willfully failed to do so and instead paid the practice's payroll and other creditors instead of the IRS.

23. The IRS has therefore assessed Dr. Le for TFRPs for his willful failure to ensure these taxes were paid to the IRS. He has not paid all the TFRPs, and the failure of the TFRPs to meaningfully reduce the liabilities at issue demonstrate the necessity of injunctive relief.

**Tru Dental, LLC**

24. On June 3, 2021, Dr. Le filed Articles of Organization to create a new corporate entity, Tru Dental, LLC ("Tru Dental").

25. Dr. Le is the sole owner and manager of Tru Dental.

26. Just like Chinh N. Le, DDS, LLC, Tru Dental's address is also 18220 Contour Road, Gaithersburg, MD 20877.

27. Dr. Le's dental practice has continued to operate through Tru Dental, LLC. In 2022, for example, Tru Dental generated at least $469,337 in revenue, as disclosed by data reported to the IRS from a third-party payor.

28. In 2023, Tru Dental generated at least $448,234 in revenue, as reported by the third-party payor.

29. On many occasions, Chinh N. Le, DDS, LLC transferred sums of money to the bank account of Tru Dental, LLC.  Checks payable to Chinh N. Le, DDS, LLC for dental services were deposited in a Tru Dental, LLC account.

30. Tru Dental uses the same space and equipment as Chinh N. Le, DDS, LLC.

31. Payroll checks to the dental practice's employees have been drawn on a Tru Dental bank account.

32. Tru Dental has failed to comply with its employment tax obligations, as it has not filed employment tax returns or paid withheld taxes over to the IRS.

33. The IRS has levied sources of Tru Dental's income, as a successor in interest to Chinh N. Le, DDS, LLC, but those levies have not returned sufficient funds to materially reduce the outstanding employment tax liabilities.

34. Notwithstanding the creation of Tru Dental, Chinh N. Le, DDS, LLC continues to undertake business activity and as recently as this year issued W2s to employees of the dental practice.  Its continued business activity, and failure to comply with its tax obligations, demonstrate that Chinh N. Le, DDS, LLC should be enjoined to comply with its tax reporting and payment obligations.

## The IRS's Past Collection Efforts

35. The IRS has endeavored to collect the substantial employment taxes at issue in this case, but has been unable to materially reduce the liabilities at issue.

36. The following are examples of the IRS's failed collection efforts:

    A. The IRS has communicated with – or attempted to communicate with – Chinh N. Le, DDS, LLC's power of attorney and with Dr. Le multiple times demanding that Chinh N. Le, DDS, LLC come into compliance. For example:

    a. On March 30, 2021, an IRS revenue officer spoke on the telephone with Dr. Le during a scheduled Trust Fund Recovery Penalty interview, in which Dr. Le stated that he knew the business owed taxes and that he was responsible for the taxes;

    b. On May 4, 2021, a revenue officer explained to Dr. Le that, while levies had satisfied one tax lien, additional balances were due and assessments would soon be made.

    c. On August 5, 2021, a revenue officer attempted to contact the business by phone and left a voicemail regarding new assessments against the business. Also on that date, the revenue officer sent the business a Letter 725 (scheduling a telephone interview for September 21, 2021), a Letter 1058 (requesting that the business produce documents by September 13, 2021), and a Letter 3586 (scheduling a Trust Fund Recovery Penalty interview for September 1, 2021). Dr. Le failed to attend the interviews and failed to produce the required documents.

    d. On March 12, 2022, the IRS issued letter 903 ("You Haven't Deposited Federal Employment Taxes") to the dental practice, but the letter did not result in compliance.

B. On July 14, 2022, a field visit was made to inventory the assets of the dental practice to determine equity for potential seizure, but the IRS concluded the assets would not significantly reduce the liabilities.

C. The IRS has levied bank accounts and credit card merchants, but these have resulted in insufficient funds to satisfy the liabilities.

  D.  Between October 28, 2020 and May 12, 2022, the IRS filed Notices of Federal Tax Lien against Chinh N. Le, DDS, LLC in Montgomery County, Maryland for liabilities set forth above.

  E.  The IRS has assessed Trust Fund Recovery Penalties, under 26 U.S.C. § 6672, against Dr. Lee for multiple quarterly periods, making Dr. Lee personally liable for a portion of the dental practice's unpaid employment taxes withheld from the wages of its employees.

  F.  The IRS has served summonses on Chinh N. Le, DDS, LLC for information and records related to assets, liabilities, and its accounts.  Neither Dr. Le nor another employee of the practice responded to the summonses.

37. The failure of these collection efforts to meaningfully reduce the liabilities at issue demonstrate the necessity of injunctive relief.

## COUNT 1
## INJUNCTION

38. The United States incorporates the foregoing allegations as if set forth herein.

39. Under 26 U.S.C. § 7402(a), this Court may issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws.  The remedies available to the United States under that statute "are in addition to and not exclusive of any and all other remedies." 26 U.S.C. § 7402(a).

40. Dr. Le and Chinh N. Le, DDS, LLC have substantially interfered with and continue to substantially interfere with the internal revenue laws by:

  A. Repeatedly failing to collect, or pay over to the IRS, the dental practice's employment and unemployment tax obligations as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402, and

9

        B. Repeatedly failing to make timely employment tax deposits as required by 26 U.S.C. §§ 6302, 6157, and 26 C.F.R. § 31.6302-1.

41. An injunction by this Court ordering Dr. Le and Chinh N. Le, DDS, LLC to comply with their federal tax obligations is necessary and appropriate for enforcement of the internal revenue laws and prevention of continued violations, as they continue to flout the federal tax laws and accrue further tax liabilities.

42. The United States has suffered and continues to suffer irreparable harm as a result of defendants' interference with federal tax administration and violation of federal tax statutes, including but not limited to loss of tax revenue, including the loss of the employees' FICA and income taxes for which the dental practice's employees have already received credit from the Internal Revenue Service and the Social Security Administration, and the drain on limited IRS resources due to the IRS's extensive attempts to bring defendants into compliance.

43. An injunction, backed by the threat of coercive judicial sanctions for noncompliance, will compel defendants to comply with the tax laws by timely filing tax returns and paying employment and unemployment taxes timely and in full. An injunction will not injure defendants but will merely compel them to conduct business like every other tax-paying employer in the United States.

44. Absent court intervention, the United States lacks an adequate legal remedy to prevent additional pyramiding of employment taxes owed by defendants. The IRS has exhausted its administrative abilities to compel them to pay their liabilities and comply with the internal revenue laws.

45. An injunction is warranted under 26 U.S.C. § 7402(a) based on the following factors used by courts:

A. *Gravity of offense*—Defendants persistent failure to pay tax debts is a grave offense, as it has resulted in a large unpaid debt to the United States;

B. *Extent of Defendants' participation and scienter*—Dr. Le has been the principal participant in his failure to pay the taxes, and he has failed to pay the taxes knowingly and willingly;

C. *Isolated or recurrent nature of infraction*— Defendants' violations of their tax obligations have recurred for many years, and Dr. Le has gone so far as to organize a new business entity that has also failed to comply with its tax obligations;

D. *Recognition of culpability*— Defendants' actions have not evidenced recognition of their debts or culpability;

E. *Sincerity of assurances against future violations*—the duration and frequency of defendants' non-compliance belies any assurance that future violations will not occur.

46. The following traditional equitable factors also warrant issuance of an injunction:

A. *Irreparable injury*—the United States has suffered an irreparable injury from defendants' violations, *i.e.*, it has not been paid tax debts for many years and defendants have disposed of assets needed to pay these debts. Defendants' continued violations of the internal revenue laws place a drain on limited IRS resources. Finally, Defendants' conduct causes harm to the tax system. Their disregard for the tax laws of the United States could have a negative compliance impact on others by encouraging others not to comply.

B. *Money damages inadequate*—money damages are inadequate to compensate for defendants' violations because defendants repeatedly violate their obligations to pay taxes, dispose of resources necessary to satisfy those debts, and Dr. Le even created a new entity that does not comply with its tax obligations, actions that have frustrated the IRS's collection efforts. The IRS has exhausted its administrative abilities to compel defendants to pay tax liabilities and comply with the internal revenue laws. Only an injunction, backed by this Court's contempt powers, will ensure future compliance. In the absence of an injunction, defendants are likely to continue to ignore tax obligations to the detriment of the United States.

C. *Balance of hardship*—an injunction will not cause hardship to defendants, but merely require them to take steps necessary to satisfy their obligations, and the lack of an injunction will deprive the United States of collecting tax debts;

D. *Public interest*—the federal tax system relies upon employers to collect and remit to the United States the federal employment taxes they owe. Defendants' failure to make employment tax deposits and to pay over employment taxes undermines this system of tax collection. Defendants are exacting an involuntary subsidy from United States taxpayers and are also giving the business an unfair competitive advantage over law-abiding competitors who comply with their federal tax obligations.

47. Despite repeated attempts over many years, the IRS has been unable to prevent defendants from pyramiding employment tax liabilities. The United States lacks an adequate

remedy at law to prevent continued pyramiding by defendants.  A money judgment for existing unpaid tax liabilities cannot prevent defendants from continuing to accrue new unpaid liabilities.

48. Administrative collection efforts have been ineffective.  The IRS has tried and failed to bring defendants into compliance.

WHEREFORE, the United States prays that the Court:

A. Find that defendants have engaged in and are engaging in conduct that interferes with the enforcement of the internal revenue laws;

B. Find that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent defendants from interfering with the enforcement of the internal revenue laws;

C. Enter an injunction pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and this Court's inherent equity powers, ordering that defendants (individually and doing business under any other name or using any other entity, including Tru Dental), and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with them:

> a.  be prohibited from failing to withhold and pay over to the IRS all employment taxes, including federal income and FICA taxes, required by law;
>
> b.  deposit employees' withheld income taxes and withheld FICA taxes, together with the employer's share of FICA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;
>
> c.  deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with the federal deposit regulations;
>
> d.  provide proof to a to-be-designated IRS revenue officer no later than the 20th day of each month that the requisite withheld income taxes, FICA taxes (both the employees' withheld portions and the employer's portion), and unemployment tax deposits were timely made;

  e. timely file all Form 941 and 940 tax returns with the IRS;

  f. timely pay all required outstanding liabilities due on each return required to be filed herein;

  g. be prohibited after the date of the injunction from paying any creditors, assigning any property, or making any disbursements until all income taxes and FICA taxes required to be withheld from employees' wages (together with the employer's liability for FICA taxes and FUTA taxes) are in fact paid to the IRS;

  h. permit a representative from the Internal Revenue Service to inspect Chinh N. Le, DDS, LLC's and Tru Dental, LLC's books and records periodically, with two business days' notice of each inspection;

  i. deliver to all of their current employees a copy of the Court's findings and injunction, within 30 days of the date of the injunction order;

  j. notify the IRS of any new business Dr. Le may come to own, manage, or work for in the next five years;

D. Retain jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance; and

E. Award other appropriate relief.

Dated: July 25, 2024      Respectfully submitted,

            DAVID A. HUBBERT
            Deputy Assistant Attorney General

            _____/s/_____
            WILLIAM J. HARRINGTON (#03863)
            Trial Attorney, Tax Division
            U.S. Department of Justice
            P.O. Box 227
            Washington, D.C.  20044
            202-353-1882 (v)
            202-514-6866 (f)
            William.J.Harrington@usdoj.gov