**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil No. 24-2159-BAH |
| CHINH N. LE and CHIHN N. LE, DDS, LLC, | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

# MEMORANDUM OPINION

The United States of America ("Plaintiff" or "the Government") brought suit against Chinh N. Le ("Dr. Le") and Chinh N. Le, DDS, LLC ("Le, LLC") (collectively, "Defendants") alleging violations of federal tax law arising out of Defendants' failure to pay withheld employee taxes to the Internal Revenue Service ("IRS") and requesting injunctive relief to compel compliance with federal tax law. ECF 1. Pending before the Court is Plaintiff's motion for default judgment and supporting memorandum of law.[1] ECF 12. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, the motion for default judgment is **GRANTED** and the Court will order permanent injunctive relief.

## I. BACKGROUND

### A. Procedural History

Plaintiff filed the complaint on July 25, 2024. ECF 1. Defendants were served on September 20, 2024, with an answer due on October 11, 2024. ECF 5. Defendants failed to answer, and Plaintiff moved for entry of default on December 6, 2025. ECF 6. The Clerk entered

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

default on December 10, 2024, ECF 7, with notice of default to Defendants sent the same day. ECF 8, ECF 9. Notice of default to Dr. Le was returned as undeliverable on June 23, 2025. ECF 10. Plaintiff moved for default judgment on September 17, 2025.[2]

**B. Factual Allegations**

The United States alleges that Defendants Dr. Le and Le, LLC operate a dental practice that, between 2019 and 2021, willfully failed to pay the employment and Federal Insurance Contributions Act ("FICA") taxes that were withheld from employees' paychecks, along with the employer's share of its FICA and Federal Unemployment Tax Act ("FUTA") taxes. ECF 1, at 3–4 ¶¶ 8–13. The complaint further alleges that Le, LLC has failed to file quarterly federal tax return forms as required by law. *Id.* As of July 2024, when the complaint was filed, the United States calculated Le, LLC's total debt to be $198,136, in addition to statutory interest, penalties, and fees that have accrued and will continue to accrue. *Id.* at 5 ¶ 15. A delegate of the Secretary of the Treasury has given notice of the tax assessments and made demands for payment of those assessments to Le, LLC, to no avail. *Id.* at 4 ¶¶ 12–14. Further, despite the Government's issuance of levies on several entities in order to collect the owed taxes, those levies have not generated sufficient funds to materially reduce Le, LLC's liabilities. *Id.* at 5 ¶ 16. Following Le, LLC's failure to pay the required employment taxes, the IRS investigated Dr. Le as the owner of Le, LLC and assessed him additional penalties pursuant to 26 U.S.C. § 6672. *Id.* ¶¶ 21–23. As of the filing of the complaint, Dr. Le had still not paid all of the penalties assessed. *Id.* at 6 ¶ 23.

[2] On September 16, 2025, after no further activity following the entry of default on December 10, 2024, the Court ordered Plaintiff to show cause for why the action should not be dismissed without prejudice. ECF 11. Plaintiff filed a response on September 18, 2025, ECF 13, which the Court approved on the same day, ECF 14.

On June 3, 2021, Dr. Le filed articles of incorporation to create a new corporate entity, Tru Dental, LLC ("Tru Dental"). *Id.* ¶ 24. Dr. Le is the sole owner and manager of Tru Dental, which operates at the same address and with the same equipment as Le, LLC. *Id.* at 6–7 ¶¶ 25–30. Tru Dental is a successor in interest to Le, LLC, and the IRS has levied sources of Tru Dental's income in an attempt to reduce the outstanding employment tax liabilities, also to no material avail. *Id.* at 7 ¶ 33. As reported to the IRS from a third-party payor, Tru Dental generated at least $469,337 in revenue in 2022 and $448,234 in 2023. *Id.* at 6 ¶¶ 27–28. At the same time, Le, LLC "continues to undertake business activity and as recently as [2024] issued W2s to employees of the dental practice." *Id.* at 7 ¶ 34.

To collect the unpaid tax debts, the IRS engaged in a series of actual and attempted communications with Dr. Le informing him of Le, LLC's unpaid taxes and demanding compliance. *See id.* at 7–9 ¶ 36. For example, on March 30, 2021, an IRS revenue officer spoke via telephone with Dr. Le during a scheduled Trust Fund Recovery Penalty interview, "in which Dr. Le stated that he knew the business owed taxes and that he was responsible for the taxes." *Id.* at 8 ¶ 36(A)(a). On May 4, 2021, a revenue officer explained to Dr. Le that "while levies had satisfied one tax lien, additional balances were due and assessments would soon be made." *Id.* ¶ 36(A)(b). The IRS also left a voicemail and sent various letters sent to Dr. Le's office that went unanswered on August 5, 2021, *id.* ¶ 36(A)(c)-(d), conducted a July 14, 2022, field visit to the office to inventory assets for potential seizure, *id.* ¶ 36(B), issued levies on bank accounts and credit card merchants, *id.* ¶ 36(C), filed Notices of Federal Tax Liens against Le, LLC, *id.* at 9 ¶ 36(D), and served unanswered summons on Le, LLC for information and records related to assets, liabilities, and accounts. *Id.* ¶ 36(F). The complaint further alleges that even as Dr. Le and Le,

LLC failed to make required trust fund tax payments, Defendants "instead paid the practice's payroll and other creditors instead of the IRS." *Id.* at 6 ¶ 22.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A court may conduct hearings or make referrals when necessary to determine the damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Thereafter, the court may enter default judgment at the plaintiff's request and with notice to the defaulting party. *Id.*

The Fourth Circuit has expressed a "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). However, "default judgment may be appropriate when the adversary process has been halted because of an . . . unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). "A defendant's default does not automatically entitle the plaintiff to the entry of a default judgment; rather, that decision is left to the discretion of the court." *Choice Hotels Int'l, Inc. v. C Kop Hurp, LLC*, Civ. No. DKC 25-2078, 2025 WL 3290665, at *1 (D. Md. Nov. 26, 2025) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). Further, the "party moving for default judgment must still show that the defaulted party was properly served and that the unchallenged factual allegations constitute a legitimate cause of action." *Harris v. Blue Ridge Health Servs., Inc.*, 388 F. Supp. 3d 633, 638 (M.D.N.C. 2019) (internal citations and quotation marks omitted).

**A. Service of Process**

"Before a court can render default judgment, it must be satisfied that the defaulting party has been properly served." *Bd. of Trs. Sheet Metal Workers' Nat'l Pension Fund v. Gentlemen Sheet Metal Ltd.*, No. 1:25-CV-803-MSN-WEF, 2025 WL 3200753, at *2 (E.D. Va. Oct. 27, 2025), *report and recommendation adopted,* No. 1:25-CV-803-MSN-WEF, 2025 WL 3197874 (E.D. Va. Nov. 14, 2025). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) (citing *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

Rule 4(e) of the Federal Rules of Civil Procedure governs service on an individual within a judicial district of the United States, and permits delivering a copy of the summons and complaint to the individual personally. *See* Fed. R. Civ. P. 4(e)(2)(A). Rule 4(h) of the Federal Rules of Civil Procedure governs service on a corporation within the United States, and permits service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

The record indicates that Defendants were properly served. *See* ECF 5 (reflecting that summons for both defendants were returned executed by the Government); *see also* ECF 6, at 1 ¶ 2 (attesting that Dr. Le was personally served pursuant to Fed. R. Civ. P. 4(e)(2)(A) and Le, LLC was served under Fed. R. Civ. P. 4(h)(1)(B) by delivering the papers to its officer, Dr. Le); *Trademark Remodeling, Inc. v. Rhines*, 853 F. Supp. 2d 532, 541 (D. Md. 2012) ("Generally, the filing of a 'proper proof of service is *prima facie* evidence of valid service of process.'" (quoting

*Ngabo v. Le Pain Quotidien,* No. DKC-11-0096, 2011 WL 978654, at *2 (D. Md. Mar. 17, 2011)) (internal quotation marks omitted)).[3]

**B. Appropriateness of Default Judgment**

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (quoting Fed. R. Civ. P. 55(a)). In *Lawbaugh*, 359 F. Supp. 2d at 422, the court held that default judgment was "clearly appropriate" when the defendant had been unresponsive for more than a year following denial of a motion to dismiss and the motion for default judgment had been duly served upon the Defendant giving "ample notice of impending judgment by default."[4] *See also United States v. Wright*, Civ. No. TDC-24-0026, 2024 WL 5181775, at *2 (D. Md. Dec. 20, 2024) (recommending granting plaintiff's motion for default judgment where defendant "neither filed an [a]nswer or otherwise defended against the [c]omplaint" ten months after being properly served), *report and recommendation adopted,* Civ. No. TDC-24-0026, 2025 WL 944455 (D. Md. Jan. 13, 2025). Likewise, in this case,

[3] The Court notes that service of process does not appear to have been made on Le, LLC's resident agent on file with Maryland's Department of Assessments and Taxation. Regardless, the relevant federal rule allows for service on that agent or on "an officer, a managing or general agent" of the business. *See* Fed. R. Civ. P. 4(h)(1)(B). The record reflects that Dr. Le is such an officer. *See* ECF 1, at 2 ¶ 4 ("[Dr. Le] is the proprietor, 100 percent owner, sole member, and manager of Chinh N. Le, DDS, LLC and Tru Dental, LLC, which are different entities used to administer the same continuing dental practice in Montgomery Village, Maryland.").

[4] In this case, the notice of motion for entry of default mailed to Dr. Le was returned as undeliverable on June 23, 2025. ECF 10. There is no indication that the notice of default mailed to Le, LLC was returned as undeliverable. In any case, Plaintiff complied with Loc. R. 108.2 (D. Md. 2025) by including the last known addresses of the defendants in its request for entry of default. ECF 6, at 3; *see also Wells Fargo Bank, N.A. v. Gateway Int'l Logistic, Inc.*, 2023 WL 2473255, at *1 n.3 (D. Md. Mar. 13, 2023) (noting Clerk's notice of default was returned as undeliverable but Plaintiff "provided Defendant's last known address, as required under Loc. R. 108.2" in its request for entry of default.)

approximately two years have passed since Defendants were served with process on September 20, 2024. ECF 5. In that time, Defendants have never answered, entered an appearance, or otherwise responded to the complaint. ECF 12, at 1 ¶ 4. Default judgment is thus appropriate.

**C. Liability**

When considering a motion for default judgment, the Court takes as true all well-pleaded facts in the complaint other than those related to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). In exercising this task, the Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) in the context of default judgments. *See, e.g.*, *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). A complaint that avers bare legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement,'" is insufficient to award default judgment. *Id.* (brackets in original) (quoting *Iqbal*, 556 U.S. at 678). The Court "must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought." *Ryan*, 253 F.3d at 780.

1. <u>The Government Has Adequately Pled that Le, LLC Failed to Comply with its Federal Tax Obligations.</u>

Under the Internal Revenue Code ("IRC"), "when an employer pays the earnings of its employees, the employer is required by law to withhold certain taxes from the employees' wages." *United States v. Genter*, 177 F.4th 519, 522 (4th Cir. 2026) (citing 26 U.S.C. §§ 3402, 3102); *see also* 26 U.S.C. §§ 3111, 3301, 6157, 7501. "Because employers pay over those taxes to the Treasury on their employees' behalf, the amounts paid over are commonly referred to as 'trust-fund taxes.'" *Genter*, 711 F.4th at 522 (citing 26 U.S.C. § 7501(a)). Employers are responsible

for properly paying over their tax obligations and filing the required reporting form quarterly. *Id.*; *see also* 26 U.S.C. §§ 6302, 6011, 6071(a). Further, "[i]t is well established in the tax law that an assessment is entitled to a legal presumption of correctness." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002).

The Government has adequately alleged that Le, LLC was a dental practice and employer that failed to comply with its federal tax obligations. As the complaint alleges, Le, LLC was organized as Maryland limited liability company on January 18, 2015, in Gaithersburg, Maryland. ECF 1, at 2 ¶ 6. Le, LLC was "forfeited by the State of Maryland" on October 11, 2019, but continued to operate as a dental practice after forfeiture, either as Le, LLC or Tru Dental, LLC. *Id.* ¶¶ 6–7. However, for "various tax periods from the fourth quarter of 2019 to the present, defendants have failed to comply with their federal employment and unemployment tax obligations . . . and have engaged in an activity known as 'pyramiding,' whereby a business repeatedly withholds taxes from its employees' wages but fails to remit those taxes to the IRS as mandated by law, resulting in an ever-increasing unpaid tax liability." *Id.* at 3–4 ¶ 10. Paragraph 12 of the complaint sets out nine assessments made by a delegate of the Secretary of Treasury against Le, LLC for unpaid federal employment taxes from 2019 to 2022, totalling $198,136 in assessments including "statutory interest, penalties, and fees that have and will continue to accrue." *Id.* at 4–5 ¶¶ 12–15. The IRS has issued levies on "several entities in an effort to collect these taxes" and has filed Notices of Federal Tax Lien against Le, LLC in Montgomery County, Maryland, for these liabilities, but the levies "did not generate sufficient funds to materially reduce the liabilities." *Id.* at 5 ¶¶ 16–17. Because Le, LLC has continued to operate in the same space and with the same equipment under the name Tru Dental, LLC, "the IRS has levied sources of Tru Dental's income, as a successor in interest to [Le, LLC], but those levies have not returned

sufficient funds to materially reduce the outstanding employment tax liabilities." *Id.* at 7 ¶¶ 29–33. Additionally, although Le, LLC appears to be operating at least in part under the name Tru Dental, Le, LLC "continues to undertake business activity and as recently as [2024] issued W2s to employees of the dental practice." *Id.* ¶ 34. All told, the Government has adequately alleged that Le, LLC has failed to comply with its federal tax obligations by withholding but failing to pay over withheld taxes and by failing to comply with reporting requirements.

2. The Government Has Adequately Pled that Dr. Le is Personally Liable for Le, LLC's Unpaid Taxes Under 26 U.S.C. § 6672.

The IRC assures an employer's compliance with its obligation to pay trust fund taxes "by imposing personal liability on officers or agents of the employer responsible for 'the employer's decisions regarding withholding and payment' of the taxes." *Johnson v. United States*, 734 F.3d 352, 359 (4th Cir. 2013) (quoting *Slodov v. United States*, 436 U.S. 238, 247 (1978)). Under 26 U.S.C. § 6672(a), "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by [Title 26] who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall . . . be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

"Personal liability for a corporation's unpaid trust fund taxes extends to any person who (1) is 'responsible' for collection and payment of those taxes; and (2) 'willfully fail[s]' to see that the taxes are paid." *Johnson*, 734 F.3d at 359 (quoting *Plett v. United States*, 185 F.3d 216, 218 (4th Cir. 1999)). A responsible person is one "required to collect, truthfully account for, and pay over any tax." *Id.* at 360 (quoting 26 U.S.C. § 6672(a)). "The Code deems anyone required to 'collect' *or* 'account for" *or* 'remit' taxes a 'responsible person' for the purposes of § 6672." *Id.* at 360 (emphasis in original) (quoting *Plett*, 185 F.3d at 219). To determine whether an individual

is a responsible person, the Fourth Circuit "undertake[s] a 'pragmatic, substance-over-form inquiry' focused on the person's status, duty, and authority within the corporation," asking "whether the person had the 'effective power' to pay the taxes." *Johnson*, 734 F.3d at 361 (quoting *Plett*, 185 F.3d at 219); *see also O'Connor v. United* States, 956 F.2d 48, 50 (4th Cir. 1992) (construing the term "responsible person" broadly). The second factor of willful failure to pay taxes "focuses on whether [the defendant] had 'knowledge of nonpayment or reckless disregard of whether the payments were being made.'" *Johnson*, 734 F.3d at 364 (quoting *Plett*, 185 F.3d at 219). "A responsible person's intentional preference of other creditors over the United States establishes the element of willfulness under § 6672(a)." *Plett*, 185 F.3d at 219.

The Government has pled sufficient facts alleging that Dr. Le was a responsible person who "had effective control of the corporation, including its finances." *Johnson*, 734 F.3d at 361–62. The complaint alleges that Dr. Le was the manager and owner of Le, LLC and is "responsible for ensuring the business collected and paid over its employees' trust fund taxes." ECF 1, at 6 ¶ 21. Dr. Le allegedly "made the business's payments to creditors, deposits, and transferred its funds," and had "signatory authority over the business's accountants and paid other creditors instead of making federal tax deposits." *Id.* Given Dr. Le's alleged management and ownership of Le, LLC and its financial affairs, the Government has adequately pled facts establishing that Dr. Le is a "responsible person" under 26 U.S.C. § 6672.

Similarly, the Government has adequately alleged that Dr. Le willfully failed to pay over the trust fund taxes to the IRS. As the Fourth Circuit explained in *Johnson*, a taxpayer who is aware of unpaid their tax obligation who nonetheless directs corporate payments elsewhere has engaged in willful failure to pay. 734 F.3d at 364–65. Here, the complaint describes a series of actual and attempted communications between the IRS and Dr. Le informing him of Le, LLC's

unpaid taxes and demanding compliance. *See* ECF 1, at 7–9 ¶ 36. For example, on March 30, 2021, an IRS revenue officer spoke via telephone with Dr. Le during a scheduled Trust Fund Recovery Penalty interview, "in which Dr. Le stated that he knew the business owed taxes and that he was responsible for the taxes." *Id.* at 8 ¶ 36(A)(a). On May 4, 2021, a revenue officer explained to Dr. Le that "while levies had satisfied one tax lien, additional balances were due and assessments would soon be made." *Id.* ¶ 36(A)(b). The complaint further describes letters sent to Dr. Le's office that went unanswered, *id.* ¶ 36(A)(c)–(d), a July 14, 2022, field visit to the office to inventory assets for potential seizure, *id.* ¶ 36(B), levies on bank accounts and credit card merchants, *id.* ¶ 36(C), Notices of Federal Tax Liens filed against Le, LLC, *id.* at 9 ¶ 36(D), the assessment of Trust Fund Recovery Penalties against Dr. Le under 26 U.S.C. § 6672, *id.* ¶ 36(E), and unanswered summons served on Le, LLC for information and records related to assets, liabilities, and accounts. *Id.* ¶ 36(F). The complaint further alleges that even as Dr. Le and Le, LLC failed to make required trust fund tax payments, Defendants "instead paid the practice's payroll and other creditors instead of the IRS." *Id.* at 6 ¶ 22. The Government has thus alleged sufficient facts to indicate that Dr. Le knew of his tax obligations and willfully failed to pay them.

**D. Relief**

26 U.S.C. § 7402(a) provides that "district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." "Courts are split as to the standard for granting an injunction under this law." *United States v. Machu Picchu Construction, LLC*, Civ. No. GJH-21-2514, 2022 WL 17989643, at *2 (D. Md. Dec. 29, 2022). "Most courts have concluded that 'the government need only show that an injunction is appropriate for the enforcement of the internal

revenue laws, without reference to the traditional equitable factors.'" *Id.* (quoting *United States v. R&K Tile, Inc.*, Civ. No. CCB–14–3025, 2015 WL 1736802, at *2 (D. Md. Apr. 14, 2015)). The Fourth Circuit has not yet determined which standard applies, *id.*, but the relevant standard need not be resolved here, as the Government has pled facts satisfying both standards.

Under the majority approach, an injunction under 26 U.S.C. § 7402 is "appropriate if 'the defendant is reasonably likely to violate the federal tax laws again, which courts assess by evaluating the totality of the circumstances.'" *Machu Picchu Construction*, 2022 WL 17989643, at *2 (quoting *R&K Tile, Inc.*, 2015 WL 1736802, at *2). Relevant factors include:

> (1) the gravity of harm caused by the offense; (2) the extent of the defendant's participation, and her degree of scienter; (3) the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve her in such transaction; (4) the defendant's recognition of her own culpability; and (5) the sincerity of her assurances against future violations.

*Id.* at *3.

Accepting the well-pleaded allegations as true, the Government has alleged sufficient facts to justify injunctive relief. As alleged, Defendants' persistent failure to comply with tax obligations has resulted in a $198,136 debt to the United States that continues to grow. ECF 1, at 5 ¶ 15. Dr. Le has acknowledged Le, LLC's outstanding debts and received various notices from the IRS seeking to recover the outstanding payments. *Id.* at 7–9 ¶¶ 35–37. On the recuring nature of the infraction, Dr. Le has allegedly gone so far as to set up a new LLC, likely to avoid Le, LLC's tax liability, while apparently continuing to operate as Le, LLC. *Id.* at 11 ¶ 45(C). Further, just as in *Chesapeake Firestop Products*, "Defendants have admitted culpability by failing to respond in this case and do not appear to intend to become compliant with their tax obligations in the future." Civ. No. DKC 17-3256, 2018 WL 3729036, at *3 (D. Md. Aug. 6, 2018). Finally, "the duration and frequency of [D]efendants' non-compliance belies any assurance that future violations will not occur. ECF 1, at 11 ¶ 45(E). Injunctive relief is thus appropriate under the majority approach.

The Government has likewise satisfied its burden under traditional equitable principles, which require a plaintiff to demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Legend Night Club v. Miller*, 637 F.3d 291, 297 (4th Cir. 2011) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

First, the "Government has suffered, and will continue to suffer, irreparable harm as a result of Defendants' conduct," *Chesapeake Firestop Products*, 2018 WL 3729036, at *3, as Dr. Le and Le, LLC owe the Government $198,136 in unpaid taxes, penalties, and interest. ECF 1, at 5 ¶ 15. The Government "is also harmed because it has expended significant resources attempting to get Defendants to comply with the tax laws and attempting to collect the federal taxes that should have been deposited by Defendants," *Chesapeake Firestop Products*, 2018 WL 3729036, at *3, and the "United States would suffer permanent loss of its tax revenue if Defendants were permitted to skirt their obligations indefinitely." *Machu Picchu Construction*, 2022 WL 17989643, at *3.

Second, legal remedies are "inadequate to compensate for this injury, as evidenced by Defendants' continued failure to honor their tax obligations, despite proper notice and demand, and the Government's repeated attempts to collect payment." *Id.* at *3. Indeed, as alleged, "Dr. Le even created a new entity that does not comply with its tax obligations, actions that have frustrated the IRS's collection efforts," and the IRS has "exhausted its administrative abilities to compel defendants to pay tax liabilities and comply with internal revenue laws." ECF 1, at 12 ¶ 46(B). *See also R&K Tile, Inc.*, 2015 WL 1736802, at *3 (quoting *United States v. Reliable Limousine Serv. LLC*, Civ. No. JFM-11-3382, 2012 WL 957620, at *2 (D. Md. Feb. 8, 2012))

(finding legal remedies inadequate when defendant had "long evaded the [G]overnment's efforts to collect its unpaid liabilities, raising the specter that its 'ever-increasing federal tax liabilities . . . may never be collected, therefore depriving the Government of its lawful tax revenues'").

Third, the balance of equities favors the Government. "If an injunction is not issued against Defendants, the Government will continue to suffer irreparable harm in the form of permanent loss of its tax revenue. On the other hand, if an injunction is issued against Defendants, they will not be harmed because they will simply be required to obey the same tax laws as other employers." *Chesapeake Firestop Products*, 2018 WL 3729036, at *4.

Finally, an injunction is in the public interest, as the "tax system relies on employers to collect employment and unemployment taxes and to pay those [taxes] over to the United States," and "Defendants' continued failure to . . . pay its federal employment and unemployment taxes is undermining the government tax system." *Id.*

The Government is therefore entitled to default judgment on its request for a permanent injunction against Defendants. The permanent injunction will enjoin Defendants to deposit required taxes in an appropriate federal depository bank, provide proof to the IRS that the required deposits have been made, timely pay all outstanding tax liabilities, notify the IRS of any future employment tax conduct with respect to any new or presently unknown company that Defendants may become involved with, and prohibit Defendants from assigning any property or making any payments until all required taxes are first properly deposited or paid to the IRS.

## III. CONCLUSION

In light of the foregoing, Plaintiff's motion for default judgment against Dr. Le and Le, LLC, ECF 12, is **GRANTED**. A separate implementing order will issue.

Dated: September 2, 2026

/s/
Brendan A. Hurson
United States District Judge